UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH D. WISE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-911 |
| ) | |
| HSBC MORTGAGE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon two motions: Defendant's Motion for Relief Pursuant to Rule 41(d) (Doc. No. 6), and Defendant's Motion to Dismiss Plaintiff's Petition (Doc. No. 17). These motions are fully briefed and ready for disposition. For the reasons stated below, Defendant's Motion for Relief Pursuant to Rule 41(d) shall be granted in part and Defendant's Motion to Dismiss shall be granted with regard to Counts I (negligence) and III (negligent infliction of emotional distress).

## BACKGROUND

This case relates to a flood loss suffered by Plaintiff Kenneth Wise ("Wise") in Franklin County, Missouri, in March 2008. (Pltf.'s Compl. at 4, Doc. No. 1-1.) In 2006, Wise purchased a property located at 213 E. Orleans, Pacific, Missouri, 63069 (the "Property"). Id. at 2. Defendant HSBC Mortgage Corporation ("HSBC") provided a mortgage on the Property in the amount of $66,888.00. Id. Plaintiff alleges that HSBC was responsible for enlisting State Farm Insurance Company ("State Farm") to provide flood loss insurance for the Property, and that HSBC sent a check payable to State Farm for such policy on September 26, 2006. Id. According to Wise's Petition, State Farm failed to procure a policy for flood loss, and returned HSBC's check. Id. at 3. Wise alleges that after HSBC received no response from two other

1

insurance agencies regarding flood insurance, HSBC simply let the matter go unresolved. Id. In March of 2008, a flood destroyed more than 50% of the Property, forcing Wise out of the Property and causing him significant financial loss. Id. at 4.

Wise first filed suit in Missouri state court in Franklin County on March 9, 2010, against HSBC and State Farm Insurance Company agent Richard L. Weible ("Weible"). (Doc. 17-1.) In his original Petition, Wise alleged wrongful foreclosure, negligent infliction of emotional harm, and professional negligence. Id. Nearly two years later, on February 22, 2012, HSBC filed its first Motion to Dismiss. (Doc. No. 6 at 1.) Wise requested and was granted leave to amend his petition, and filed his First Amended Petition on March 29, 2012. (Doc. No. 17-2.) This First Amended Petition asserted causes of action against HSBC for fraudulent misrepresentation, breach of fiduciary duty, and negligent infliction of emotional harm. Id. Approximately one year later, HSBC again filed a motion to dismiss, and following a hearing before Judge I.I. Lamke on January 21, 2014, Plaintiff filed a Second Amended Petition alleging causes of action for negligence, negligent misrepresentation, negligent infliction of emotional distress, and breach of contract. (Doc. No. 17-3.)

On February 10, 2015, following oral arguments on yet another motion to dismiss filed by HSBC, Wise's counsel approached HSBC's counsel about the possibility of filing a voluntary nonsuit and immediately refiling the case. (Doc. No. 11-2.) HSBC made clear in its ensuing email correspondence that it was not amenable to such an action. Id. Following a second round of oral arguments on the outstanding motion to dismiss on March 20, 2015, Wise submitted a voluntary nonsuit under Missouri Revised Statutes Section 516.230. (Doc. No. 6-4.)

On May 19, 2015, Wise filed the present case in Franklin County, again alleging the causes of action set forth in his Second Amended Petition (negligence, negligent misrepresentation, negligent infliction of emotional distress, and breach of contract). (Doc. No.

2

1-1 at 2-10.) The case was again assigned to Judge Lamke, and on May 28, 2015, Wise moved for, and was granted, an order for change of judge. (Doc. No. 1-1 at 17-18.) HSBC subsequently removed the case to this Court on diversity jurisdiction, given that individual defendant and Missouri citizen Weible settled his claims and was not named as a defendant in this, Wise's second suit. (Doc. No. 1.)

HSBC now brings two motions before the Court. In its Motion for Relief Pursuant to Rule 41(d) (Doc. No. 6), HSBC argues that Wise's decision to file a voluntary nonsuit in his original action, and his subsequent refiling of the case, constitutes the filing of a previously dismissed action. Therefore, HSBC seeks an award of attorneys' fees under Federal Rule of Civil Procedure 41(d) ("Rule 41(d)"), whereby a plaintiff may be ordered to pay all or part of a defendant's costs incurred in the original action. Second, HSBC moves to dismiss the entire case (Doc. No. 17), asserting that Wise's claims are either time-barred, improperly pled, or both.

### I. Request for Relief Pursuant to Rule 41(d)

Rule 41(d) provides:

**Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
(1) may order the plaintiff to pay all or part of the costs of that previous action; and
(2) may stay the proceedings until the plaintiff has complied.

Although there is a split of authority among the circuits on the issue of whether attorneys' fees constitute "costs," this Court has previously determined that it has discretion to award attorney's fees as "costs" as used in Rule 41(d). See Vasquez v. Hill, No. 4:11CV01561AGF, 2012 WL 4936085, at *3-4 (E.D. Mo. Oct. 17, 2012) (citing Evans v. Safeway Stores, Inc., 623 F.2d 121, 122 (8th Cir.1980) (holding that "the district court did not abuse its discretion in awarding defendant-appellee $200 attorney fees.")). Although attorney's fees need not be awarded in

every case involving an award of costs under Rule 41(d), the Court restates its finding in Vasquez that attorney's fees are recoverable as costs within the Court's discretion.

To obtain an award under Rule 41(d), "the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that *will not be useful* in the newly-filed litigation." Robinson v. Bank of Am., No. 11–2284 (MJD/LIB), 2012 WL 2885128, at *13 (D. Minn. May 31, 2012) (emphasis added); Siepel v. Bank of America, N.A., 239 F.R.D. 558, 563 (E.D. Mo. 2006). However, "[i]f it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs," a court need not require payment of costs and attorney's fees. 9 Charles Alan Wright et al., Federal Practice and Procedure § 2375 at 772 (3d ed. 1998). The first two requirements for an award of costs including attorney's fees are met: Wise dismissed his previous action, and his refiled case asserts identical causes of action against HSBC. (Doc. No. 17-3; Doc. No. 1-1.)

According to HSBC, Wise's decision to voluntarily dismiss the original suit was predicated on fear of an adverse decision. (Doc. No. 6 at 5.) In support of this claim, HSBC notes that Wise immediately asked for a change of judge when the case was reassigned to Judge Lamke. Id. Therefore, HSBC alleges that Wise's action constitutes the manner of forum shopping and vexatious litigation that Rule 41(d) was enacted to curtail. Wise argues in response that his voluntary nonsuit of the original action resulted from frustrations shared by both parties, and was filed "in the interest of judicial economy and efficiency." (Doc. No. 11 at 4, 6.)

The Court finds that Wise's decision to voluntarily nonsuit and refile his claims was driven in part by a desire for a new forum or, more precisely, in order to have the case reconsidered by a new judge. Because this is the type of behavior that Rule 41(d) exists to

4

curtail, HSBC will be awarded a portion of the costs, including attorneys' fees, it incurred in the original case. Nonetheless, the Court will not impose on Wise costs and fees which may be useful to HSBC in the second action. Robinson, 2012 WL 2885128, at *15; Copeland v. Hussmann Corp., 462 F. Supp. 2d 1012, 1024 (E.D. Mo. 2006). HSBC has submitted a memorandum outlining those costs it alleges will not be useful to it in the present litigation. (Doc. No. 21 at 4-5; Doc. No. 21-1.) In some cases, HSBC's memorandum appropriately distinguishes fees incurred for work that will remain useful, such as taking Wise's deposition, written discovery, and research on Wise's presently asserted causes of action. However, it seems to the Court that some of the work identified as not useful, such as costs related to previous attempts at mediation, does not in fact merit reimbursement under Rule 41(d) and may eventually serve a purpose in the case in its present incarnation.

Ultimately, a precise analysis of the usefulness of fees incurred in the first case is likely not feasible until the present litigation is either resolved or nearing a resolution. Therefore, while the Court will provisionally grant HSBC's motion for relief under Rule 41(d), it will stay its order and postpone a calculation of fees owed to HSBC pending the resolution of the present litigation.

**II. Motion to Dismiss**

Next, the Court will consider HSBC's Motion to Dismiss (Doc. No. 17). In ruling on a motion to dismiss, the Court assumes all the facts alleged in the complaint are true, and liberally construes the complaint in the light most favorable to Plaintiff. Foster v. Deutsche Bank Nat. Trust Co., 2012 WL 5285887, at *2 (E.D. Mo. Oct. 25, 2012) (citing Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008)). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Thus, a dismissal under Rule 12(b)(6) should be

granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004). Additionally, when considering a Rule 12(b)(6) motion based on the running of a statute of limitations, the Court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred. Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011); Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008).

HSBC makes three separate arguments as to why Wise's various causes of action should be dismissed. First, HSBC argues that Wise is limited to contractual remedies (and barred from remedies in tort) because all causes asserted stem from the alleged contractual relationship between HSBC and Wise. (Doc. No. 18 at 12.) Next, HSBC argues that three of Wise's claims are time-barred to the extent they differ from the causes of action asserted in Wise's original Petition filed in 2010 or his First Amended Petition filed in 2012. Id. at 4, 7, 9. Finally, HSBC argues that Wise's cause of action for negligent infliction of emotional distress should be dismissed because a mortgagee's actions do not involve an unreasonable risk of causing distress.[1] Id. at 10. The first two arguments will be addressed in turn; because Wise's cause of action for negligent infliction of emotional distress will be dismissed on other grounds, the Court need not take up HSBC's final argument.

A. Limitation to Contractual Remedies

First, HSBC argues that Wise's claims for negligence, negligent misrepresentation, and negligent infliction of emotional distress should be dismissed because Wise has only alleged breaches of a purported contract, and has not alleged acts of independent negligence. (Doc. No.

---

[1] HSBC's arguments are asserted in a different order in its briefing, but the Court addresses them in the order most logical based upon its decision.

17 at 4-5.) Moreover, HSBC asserts that no duty-imposing relationship existed between the parties outside of the contractual relationship, and that Wise therefore cannot maintain tort claims against HSBC. Id. Wise offers no response to this argument. (Doc. No. 20.)

HSBC is correct that "[t]he mere failure to perform a contract cannot serve as a basis of tort liability unless the breach itself is an independent tort." Ryann Spencer Grp., Inc. v. Assurance Co. of Am., 275 S.W.3d 284, 290 (Mo. Ct. App. 2008). See also Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). Thus, inasmuch as Wise's tort claims arise only from a duty predicated on the parties' contract, they are barred. "Attaching additional tort liability to a breach of contract claim is only allowed when an independent tort has been committed against the plaintiff" and "[t]he independent tort alleged cannot be dependent on the elements of the contract claim." Hullverson Law Firm, P.C. v. Liberty Ins. Underwriters, Inc., No. 4:12-CV-1994 CAS, 2013 WL 3802517, at *1 (E.D. Mo. July 22, 2013). The Court will consider whether each of Wise's three tort claims are barred by this doctrine.

  a. Negligence

To sue for negligence, a plaintiff must show that the defendant owed a duty to the plaintiff, breached that duty, and that the breach was the proximate cause of the plaintiff's injuries. Stanley v. City of Independence, 995 S.W.2d 485, 487 (Mo. banc 1999); Ivey v. Nicholson–Mcbride, 336 S.W.3d 155, 157 (Mo. Ct. App. 2011) ("Negligence is shown by proof of the following elements: (1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages.") (quotations omitted). As noted at the outset, a breached duty that exists only by contract will find its remedy in contract law. Ryann Spencer Grp., 275 S.W.3d at 290.

Aside from alleged duties arising out of contract, Wise also asserts that HSBC breached a duty owed under federal law. See Pltf.'s Compl. at 4, ¶ 29 (Doc. No. 1-1). Wise does not

specify under which federal law HSBC allegedly owed a duty to Wise; HSBC appears to conclude, as will the Court, that Wise intended to implicate the National Flood Insurance Act, 42 U.S.C. §§ 2012a(b) (1976). But the Eighth Circuit has explicitly held that the National Flood Insurance Act "do[es] not create an implied federal right of action for damages." Hofbauer v. Nw. Nat'l Bank of Rochester, Minn., 700 F.2d 1197, 1201 (8th Cir. 1983).

However, in Hofbauer, the Eighth Circuit did not specify whether a state law claim, such as a claim for negligence, might be maintained under the National Flood Insurance Act, and Missouri law has not spoken directly to the issue. Other states, though, have found that the National Flood Insurance Act does not allow a borrower to "sue a lender under state law in negligence for failing to discharge a duty created by" the Act. Bagelmann v. First Nat. Bank, 823 N.W.2d 18, 25 (Iowa 2012); see also Highmark Federal Credit Union v. Hunter, 814 N.W.2d 413, 418 (S.D. 2012) ("[A]n individual cannot use [the National Flood Insurance Act] to establish a duty in an individual civil claim."); Jack v. City of Wichita, 933 P.2d 787, 793 (Kan. Ct. App. 1997) (holding that the National Flood Insurance Act "do[es] not create a duty which would support a claim for negligence").. And numerous federal courts applying state law from around the country have reached similar conclusions. See, eg. Wentwood Woodside I, LP v. GMAC Commercial Mortg. Corp., 419 F.3d 310, 323 (5th Cir. 2005) (holding that "section 4012a does not give rise to a private right of action under Texas law for negligence *per se*"); Lukosus v. First Tenn. Bank Nat'l Ass'n, 89 Fed. Appx. 412, 412 (4th Cir. 2004) (disallowing "common law offenses based on [the defendants'] failure to provide proper flood certification").

Without the guidance of Missouri courts on the matter, this Court is unwilling to interpret the National Flood Insurance Act as creating a duty which can sustain a private cause of action for negligence under Missouri law. In his count for negligence, Wise pleads very specifically that "[u]nder *federal law*, HSBC had a duty to Plaintiff . . ." (Pltf.'s Compl. at 4, ¶ 29, Doc. No.

8

1-1 (emphasis added).) Wise asserts no other duty allegedly owed, and as established above, any duty arising out of contract cannot support claims in tort. Thus, even taking the alleged facts as true, Wise fails to state a plausible claim for negligence, and Count I of Wise's Petition will be dismissed.

      b. <u>Negligent Infliction of Emotional Distress</u>

A plaintiff may recover under a theory of negligent infliction of emotional distress if he can prove *in addition* to the elements of negligence that: (1) the defendant should have realized that its conduct involved an unreasonable risk of causing the distress, and (2) the emotional distress or mental injury is medically diagnosable and is sufficiently severe as to be medically significant. <u>Bass v. Nooney Co.</u>, 646 S.W.2d 765, 772–73 (Mo. banc 1983). But as noted, "[a]ny action for negligence requires the plaintiff to establish that the defendant had a duty to protect the plaintiff from injury . . ." <u>Jarrett v. Jones</u>, 258 S.W.3d 442, 448 (Mo. banc 2008) (citing <u>Krause v. U.S. Truck Co., Inc.</u>, 787 S.W.2d 708, 710 (Mo. banc 1990)). For the reasons stated above, Wise has failed to allege a duty owed by HSBC independent of contractual obligations; therefore, his claim for negligent infliction of emotional distress will also be dismissed.[2]

      c. <u>Negligent Misrepresentation</u>

The Court will reach a different conclusion, however, with regard to Wise's claim for negligent misrepresentation. A negligent misrepresentation claim consists of the following six elements:

> (1) the speaker supplied information in the course of his or her business because of some pecuniary interest, (2) that was false, (3) without exercising reasonable care of competence in obtaining or communicating this information, (4) for the

---

[2] Again, because Wise's cause of action for negligent infliction of emotional distress will be dismissed on the grounds stated, the Court need not address HSBC's alternative argument that the claim should be dismissed because Missouri courts have held that a mortgagee cannot be held liable for a mortgager's emotional distress (Doc. No. 22 at 8).

9

guidance of a limited group of persons in a particular business transaction, (5) and the listener justifiably relied on the information, (6) and, as a result, suffered a pecuniary loss.

Collins v. Mo. Bar Plan, 157 S.W.3d 726 (Mo. Ct. App. 2005). An independent duty is not a required element of negligent misrepresentation; instead, it is assumed that parties owe each other a duty not to provide false information out of financial interest. Id. Still, to the extent the alleged misrepresentation consists only of a breached contract, no independent tort claim can exist. In fact, this Court very recently decided a case in which a cause of action for negligent misrepresentation could not be maintained because the alleged tortious behavior was more properly classified as a contractual breach. See Shaughnessy, Kniep, Hawe Paper Co. v. Fettergroup, No. 4:14-CV-00233-JAR, 2015 WL 1456993, at *4 (E.D. Mo. Mar. 30, 2015) ("In this case, Plaintiff has stated a claim for negligent misrepresentation that rests almost wholly on [Defendant's] refusal to pay for the invoiced Custom Paper . . . [the alleged misrepresentation] is merely a reassurance that [Defendant] would continue performing under the alleged contract.")

However, the Court finds this case is distinguishable. While Wise's Petition does invoke the (mis)representations made by HSBC in its original contractual agreement, Wise also alleges a separate misrepresentation: namely, HSBC's statement that it not only *would* procure insurance, but that it in fact *did* procure insurance. See Pltf.'s Compl. at 2, ¶ 11, and 6, ¶ 37 (Doc. No. 1-1). "If the duty arises solely from the contract, the action is contractual. The action may be in tort, however, if the party sues for breach of a duty *recognized by the law* as arising from the relationship or status the parties have created by their agreement." Union Elec. Co. v. Chicago Bridge & Iron Co., 2015 WL 1262941, at *6 (E.D.Mo. Mar. 19, 2015) (emphasis added) (quoting Liberty Mut. Fire Ins. Co. v. Centimark Corp., 2008 WL 5423440, at *2 (E.D. Mo. Dec. 29, 2008)). HSBC's alleged duty to actually procure flood insurance arose out of its contractual relationship with Wise; but its duty not to provide false information about the insured status of

the Property exists outside of any contractual relationship. Thus, Wise alleges tortious behavior outside the scope of the contract, and ergo, succeeds in alleging a colorable claim for negligent misrepresentation. HSBC's motion to dismiss Count II of Wise's Petition will be denied.

B. <u>Statute of Limitations</u>

Next, HSBC submits that Wise's remaining causes of action are time-barred because they were not adequately pled in the 2012 amended petition, the final pleading brought within five years of the flood loss.[3] (Doc. No. 18 at 4, 7, 9.) Wise's allegations were not asserted in their present iteration until Wise's Second Amended Petition in state court, filed in February of 2014.[4] However, Wise argues that each of his present causes of action relates back to the timely-filed 2012 amended petition; thus, pursuant to Mo. Sup. Ct. R. 55.33, they should not be time-barred.[5] (Doc. No. 20.) Wise also attempts to identify how the allegations in his timely pleading support the elements of the presently-asserted causes of action. <u>Id</u>. HSBC argues that Wise's causes of action do not relate back to the timely pleadings, and therefore cannot be salvaged under that doctrine. <u>Id</u>. at 5.

---

[3] The parties do not dispute that MO. REV. STAT. §516.120, which establishes a five-year statute of limitations, governs Wise's various claims.

[4] Notably, and as the parties appear to recognize, Wise's decision to voluntary nonsuit his original case and refile the same causes of action does not bear on the Statute of Limitations in this instance. MO. REV. STAT. §516.230, commonly referred to as the "savings statute," provides that a plaintiff may refile his action within one year after a nonsuit. A voluntary dismissal is covered by this statute. <u>Kirby v. Gaub</u>, 75 S.W.3d 916, 918 (Mo. Ct. App. 2002). Thus, HSBC's argument and the parties' attendant briefing appropriately addresses whether the causes asserted were time-barred when stated in Wise's Second Amended Petition, a document filed on February 5, 2014.

[5] Because Fed. R. Civ. P. 81 holds that the federal rules apply only *after* an action is removed to federal court, and the causes of action presently disputed were originally asserted in Wise's state court proceeding, this Court will look to Missouri law on the issue of relation back. Fed. R. Civ. P. 81(c)(1); <u>see also</u> <u>Norsyn, Inc. v. Desai</u>, 351 F.3d 825, 829 n. 4 (8th Cir. 2003); <u>Winkels v. George A. Hormel & Co.</u>, 874 F.2d 567, 570 (8th Cir. 1989) ("Federal Rule of Civil Procedure 81(c) provides that the federal rules govern procedure *after* removal from state court."). The parties are also in agreement that Missouri law should apply. (Doc. No. 18 at 5-6, Doc. No. 20 at 4.)

Mo. Sup. Ct. R. 55.33 states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." A claim will not be barred by the statute of limitations if it relates back to a timely-filed pleading. Therefore, this Court must determine whether Wise's claims for negligent misrepresentation and breach of contract, as asserted in the present Petition, relate back to the timely-filed First Amended Petition.[6]

As noted above, a negligent misrepresentation claim consists of the following six elements:

> (1) the speaker supplied information in the course of his or her business because of some pecuniary interest, (2) that was false, (3) without exercising reasonable care of competence in obtaining or communicating this information, (4) for the guidance of a limited group of persons in a particular business transaction, (5) and the listener justifiably relied on the information, (6) and, as a result, suffered a pecuniary loss.

Collins v. Mo. Bar Plan, 157 S.W.3d 726, 734 (Mo. Ct. App. 2005). In other words, to maintain a claim for negligent misrepresentation, a plaintiff must establish that due to a failure to exercise reasonable care, the defendant made false statements that the plaintiff justifiably relied upon to his detriment. Baum v. Helget Gas Products, Inc., 440 F.3d 1019, 1023 (8th Cir. 2006). While not alleging negligent misrepresentation as such, Wise's timely First Amended Petition does state a claim for fraudulent misrepresentation (Doc. No. 17-2 at 6). It specifically alleges that HSBC "represented to plaintiff that they had procured flood insurance," that Wise "reli[ed] upon the initial representations," and that "[s]aid representations were false." (Doc. No. 17-2 at 6-7.)

---

[6] The Court need not address HSBC's statute of limitations arguments with respect to Wise's claim for negligence, since that claim has already been dismissed.

The Court finds that Wise's allegations in the First Amended Petition are sufficient to support a claim of negligent misrepresentation under Missouri law. Although the elements required for negligent misrepresentation may differ slightly from the elements required for fraudulent misrepresentation, the facts underlying the claims are shared. The allegations in Wise's current Petition involve the same "conduct, transaction, or occurrence" as in the timely-filed 2012 amended petition; therefore, the Petition cannot be said to constitute a "new action." Plubell v. Merck & Co., Inc., 434 F.3d 1070, 1071 (8th Cir. 2006). Thus, Wise's amended claim for negligent misrepresentation relates back to his 2012 amended petition.

A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. Keveney v. Mo. Military Acad., 304 S.W.3d 98, 104 (Mo. banc 2010). While Wise did not assert a cause of action for breach of contract in his timely-filed proceedings, he sufficiently alleged the facts underlying his present claim: that the parties contracted together, that Wise performed his side of the bargain, that HSBC allegedly breached, and that Wise suffered damages. (Doc. No. 17-2 at ¶¶ 7, 10, 29, 34.) "It is the facts well pleaded, not the theory of recovery or legal conclusions, that state a cause of action and put a party on notice." Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir.1999)), cert. denied, 531 U.S. 873 (2000) (quoted cases and internal quotations omitted). Wise's claim for breach of contract also relates back to Wise's timely-filed pleading.

Wise's claims for negligent misrepresentation and breach of contract relate back to the timely filings and are not time-barred. Accordingly, the Court denies HSBC's motion to dismiss Wise's claims for negligent misrepresentation and breach of contract.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Relief Pursuant to Rule 41(d) (Doc. No. 6) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that the Court's Order with regard to Defendant's Motion for Relief Pursuant to Rule 41(d) (Doc. No. 6) is **STAYED**, and a calculation of the costs to be awarded postponed, pending resolution of the case.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Petition (Doc. No. 17) is **GRANTED** with regard to Counts I and III of Plaintiff's Petition (claims for negligence and negligent infliction of emotional distress).

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Petition (Doc. No. 17) is **DENIED** with regard to Counts II and V of Plaintiff's Petition (claims for breach of contract and negligent misrepresentation).

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of November, 2015.